UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| RANDALL C., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:20-cv-04064-SLD-JEH |
| ) | |
| ANDREW SAUL, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

### ORDER

Before the Court is Plaintiff Randall C.'s Motion for EAJA Fees, ECF No. 17, and Randall and Andrew Saul's (the "Commissioner") Amended Joint Stipulation to Award of Attorney Fees and Costs, ECF No. 22.[1] Randall asks the Court to award him $2,682.75 pursuant to the Equal Access to Justice Act (the "EAJA"), 28 U.S.C. § 2412(d)(1), which enables a court to award a prevailing party (other than the United States) fees incurred by that party in any civil action brought by or against the United States. For the reasons stated below, the amended stipulation is GRANTED, and the motion is therefore MOOT.

### BACKGROUND

Randall filed suit on March 19, 2020, alleging the Commissioner's final decision denying him Social Security benefits was not supported by substantial evidence and contrary to law. Compl., ECF No. 1. After Randall moved for summary judgment, ECF No. 10, the parties jointly moved to remand the case to the Commissioner for further administrative proceedings,

---

[1] On April 1, 2021, the Court ordered Randall to submit a supplemental brief to correct numerous issues in his motion and the parties' original fee stipulation, ECF No. 19. *See infra*, at 2. While Randall has done this, he incorrectly styled his supplemental brief as an amended motion. *See* Am. Mot. EAJA Fees, ECF No. 20. The Court therefore construes ECF No. 20 as a supplemental brief.

Joint Mot. Remand Comm'r 1, ECF No. 14.  On December 9, 2020, the Court granted the motion, reversed the Commissioner's decision, and remanded the case for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  Dec. 9, 2020 Order, ECF No. 15.  Judgment was entered that day.  Judgment, ECF No. 16.

On March 8, 2021, Randall moved for attorney's fees under the EAJA.  A few weeks later, the parties again reached an accord, filing their original stipulation, ECF No. 19, which agreed to a fee award lower than what Randall originally asked for.  The Court, in an April 1, 2021 text order, noted this fact, identified numerous deficiencies with the motion and the original stipulation, and ordered Randall to file (1) a supplemental brief and an itemization that speak to the award requested in the original stipulation and (2) attorney affidavits that refer to the prevailing market rate in 2020.  On April 16, 2021, the Commissioner moved to amend the original stipulation, ECF No. 21, and the Court granted the motion, Apr. 19, 2021 Text Order.  The amended stipulation[2] was docketed on April 20, 2021.

## DISCUSSION

**I.    EAJA Fees**

Under the EAJA, a successful litigant against the federal government is entitled to recover fees if: (1) he is a "prevailing party;" (2) the government's position was not "substantially justified;" (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

---

[2] The Commissioner only moved to file the amended stipulation to correct a misstatement; the fee award agreed to in the amended stipulation does not differ from that in the original stipulation.  *See* Decl. Supp. Def.'s Unopposed Mot. Withdraw Stipulation Att'y Fees Substitute Am. Stipulation ¶¶ 4–5, ECF No. 21 at 3–4; Stipulation Award Att'y Fees 1; Am. Joint Stipulation Award Att'y Fees 1.

First, Randall is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Randall's request is timely. Section 2412(d)(1)(B) requires a party seeking an award of fees to submit to the court an application for fees and expenses within thirty days of the entry of final judgment in the action. The term "final judgment" refers to judgments entered by a court of law, not the decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, Randall's motion was filed on March 8, 2021. The judgment was entered on December 9, 2020. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), so Randall's request is timely.

The next issue is whether the government's position was "substantially justified." Fees may be awarded if either the Commissioner's litigation position or his pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).

For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and his legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that his position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, the Commissioner does not oppose Randall's request. *See* Am. Joint Stipulation Award Att'y Fees. The Commissioner thus cannot be said to have met his burden of establishing that both his litigation position and his pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make a fee award unjust. Therefore, Randall is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Randall's Attorney's Fees

It is a successful litigant's burden to prove the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id.* at 433. This rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that an increase in the cost of living or a "special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience.

4

An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to the amended itemization of hours Randall submitted. *See* Am. Itemization Hours, ECF No. 20-1. The itemization shows his attorneys spent 14.6 hours on his case. *Id.* at 2. The Court finds all 14.6 hours spent on this case were appropriately billed. *See Kinsey-McHenry v. Colvin*, No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting courts within the Seventh Circuit have found 40 to 60 hours expended on a social security appeal to be reasonable).

Randall asserts his attorneys' work should be compensated at an hourly rate of $183.75. *See, e.g.*, Am. Mot. EAJA Fees 1, ECF No. 20. To explain and justify the requested rate, he points to the change in the consumer price index (the "CPI") for all consumers nationwide[3] between the time the EAJA was enacted (March 1996) and January 2015. Mem. Supp. Mot. EAJA Fees 6, ECF No. 17-2. No explanation is provided for choosing January 2015 as a reference point, even though the Court previously noted the work on this case mostly took place last year. *See* Apr. 1, 2021 Text Order. Generally, courts multiply the $125 limit by the ratio of the CPI at the time legal services were rendered to the CPI when the EAJA was enacted to determine what fee above the statutory ceiling may be authorized. *See, e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

---

[3] The Seventh Circuit has left it to the discretion of district courts whether to use a regional CPI or the national CPI. *Darius W. v. Saul*, No. 16 C 11335, 2020 WL 3469218, at *6 (N.D. Ill. June 25, 2020). District courts have charted their own courses. *See, e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865 (E.D. Wis. 2018) (noting district courts in the Seventh Circuit have used both the national CPI and regional CPIs). The Court follows Randall's lead and uses the national CPI.

5

In this case, most of the work was performed in 2020. *See* Am. Itemization Hours 1–2. The average CPI for 2020 was 258.811. *See* U.S. Bureau of Labor Statistics, CPI for all Urban Consumers (CPI-U), https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output option to from 1996 to 2021 and check include annual averages) (last visited Apr. 23, 2021). As the CPI was 155.7 in March 1996, *id.*, the CPI had increased by a factor of 1.66224. An increase of the $125 statutory cap to $207.78 would therefore be warranted. This exceeds the $183.75 hourly rate sought. An affidavit provided by one of Randall's attorneys demonstrates the requested rate does not exceed the market rate. *See* DePree Aff. 1, ECF No. 20-2.

Using the $183.75 hourly rate requested, the total amount of attorney's fees for the 14.6 hours of work Randall's attorneys performed would be $2,682.75, Randall's requested amount. This amount is reasonable. *See, e.g.*, *Miller v. Comm'r Soc. Sec.*, No. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).

## CONCLUSION

Plaintiff Randall C. and Defendant Andrew Saul's Amended Joint Stipulation to Award of Attorney Fees and Costs, ECF No. 22, is GRANTED, and Randall's Motion for EAJA Fees, ECF No. 17, is therefore MOOT. Randall is awarded $2,682.75 in EAJA fees. These fees may be offset to satisfy any pre-existing debt Randall owes the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). As Randall has not provided a valid assignment of fees,[4] if the

---

[4] In its previous text order, the Court noted while Randall attached to his motion an Attorney Fee Contract for Social Security Disability and/or Supplemental Income, "this contract does not concern fees related to federal litigation." Apr. 1, 2021 Text Order; *see* Att'y Fee Contract Social Security Disability Suppl. Income, ECF No. 17-3 ("If the attorney appeals my case to Federal Court, I agree that there will be a different fee agreement I will have to sign.").

Commissioner determines Randall owes no pre-existing debt to the United States, the Commissioner shall direct payment of the EAJA award to him. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle v. Colvin*, 777 F.3d 421 (7th Cir. 2015). If Randall does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner shall instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable and mailed to Randall.

Entered this 26th day of April, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE

---

No document purporting to be an assignment of federal court fees was submitted with Randall's supplemental brief. As the Commissioner acknowledged in his motion to amend the original stipulation, Randall's "fee contract did not assign any EAJA award to" his counsel. Decl. Supp. Def.'s Unopposed Mot. Withdraw Stipulation Att'y Fees Substitute Am. Stipulation ¶ 5, ECF No. 21 at 3.